IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTHONY EUGENE ARAGON,

    Plaintiff,

v.                                                                                                     No. 16-cv-1306 SMV

NANCY A. BERRYHILL,[1]
**Acting Commissioner of Social Security Administration,**

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for a Rehearing with Supporting Memorandum [Doc. 20] ("Motion"), filed on June 28, 2017. The Commissioner responded on August 28, 2017. [Doc. 22]. Plaintiff replied on September 11, 2017. [Doc. 23]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 8]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds the Court finds that remand is not warranted. Plaintiff fails to show that the Administrative Law Judge's ("ALJ") decision is not supported by substantial evidence or is the product of an incorrect legal standard. Accordingly, the Motion will be denied, and Commissioner's final decision, affirmed.

### Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision[2] is supported by substantial evidence and whether the correct legal standards were

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). Courts must meticulously review the entire record, but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not re-weigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

"The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted).

---

[2] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. §§ 404.981; 416.1481. This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

## Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) he is not engaged in "substantial gainful activity"; *and* (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) his impairment(s) either meet or equal one of the "Listings"[3] of presumptively disabling impairments; *or* (4) he is unable to perform his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If he cannot show that his impairment meets or equals a Listing, but she proves that he is unable to perform his "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering his residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

---

[3] 20 C.F.R. pt. 404, subpt. P, app. 1.

## Procedural Background

Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income on September 15, 2011. Tr. 11. He alleged a disability-onset date of January 11, 2011. Tr. 962. His claims were denied initially, on reconsideration, and by an ALJ. Tr. 11, 23. The Appeals Council denied review. Tr. 1–6. The Commissioner's decision was reversed and remanded by the Honorable Lourdes A. Martínez, United States Magistrate Judge, on March 4, 2016. Tr. 1084–1101; case number 14-cv-1102 LAM (D.N.M.).

On remand, ALJ Lillian Richter held a hearing on May 24, 2016, in Albuquerque, New Mexico. Tr. 962, 1024–78. Plaintiff appeared in person with his attorney and his 18-year-old daughter, Rebecca Aragon. Tr. 969, 1060. The ALJ heard testimony from Plaintiff, Ms. Aragon, and an impartial vocational expert, Mary D. Weber. Tr. 1025.

The ALJ issued her partially favorable decision on August 2, 2016. Tr. 977. Initially, she found that Plaintiff met the insured status requirements through September 30, 2014. Tr. 964. At step one, she found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. Tr. 965. Because Plaintiff had not engaged in substantial gainful activity for at least 12 months, the ALJ proceeded to step two. *Id.* There, she found that Plaintiff suffered from the following severe impairments: "opiate dependence on opiate replacement therapy (methadone); heroin dependence; post traumatic stress disorder; major depressive disorder; generalized anxiety disorder; obesity; hypertension; obstructive sleep apnea; chronic obstructive pulmonary disease ["COPD"]; hypoxemia; sinus tachycardia; diabetes mellitus; and gastroesophageal reflux disease[.]" *Id.* At step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 965–68.

Because none of Plaintiff's impairments met or medically equaled a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 968–74. The ALJ assessed two different RFCs, one prior to March 23, 2013, and one beginning on March 23, 2013.[4] *Id.* The Court borrows Plaintiff's chart, which contains both RFCs and displays the differences in bold. [Doc. 20] at 4.

|  | Before March 23, 2013 | March 23, 2013, and after |
|---|---|---|
| RFC | • Can perform light work. Can lift, carry, push and pull 10 pounds frequently and 20 pounds occasionally. Can stand, walk, and sit for 6 hours.<br>• Can occasionally climb ramps and stairs.<br>• Never climb ladders, ropes, or scaffolds, kneel, crouch and crawl, or balance<br>• Should avoid exposure to unprotected heights and moving mechanical parts.<br>• Limited to simple, routine and repetitive work<br>• Limited to making simple work related decision in a workplace with few changes in the routine work setting.<br>• Limited to occasional contact with supervisors, coworkers and members of the public.<br>• Cannot perform work at assembly line production pace but could meet end of day goals.<br><br>Tr. 968. | • Can perform light work. Can lift, carry, push and pull 5 pounds frequently and 10 pounds occasionally. **Can stand/walk for 2 hours** and sit for 6 hours.<br>• Can occasionally climb ramps, stairs, and stoop.<br>• **Can occasionally climb ladders, ropes, or scaffolds.**<br>• Never kneel, crouch, crawl, or balance<br>• Should avoid exposure to unprotected heights, moving mechanical parts, **dust, odors, fumes and pulmonary irritants**.<br>• Limited to simple, routine and repetitive work<br>• Limited to making simple work related decision in a workplace with few changes in the routine work setting.<br>• Limited to occasional contact with supervisors, coworkers and members of the public.<br>• Cannot perform work at assembly line production pace but could meet end of day goals.<br>• **The claimant requires the use of portable oxygen.**<br><br>Tr. 974. |

---

[4] March 23, 2013, was critical for the ALJ because Plaintiff was taken to the emergency room on that date. Tr. 966. He complained of shortness of breath and confusion. *Id.* His oxygen saturation on room air was 79%. He was placed on 3 liters of oxygen, and his oxygen saturation improved to 94%. *Id.* A chest x-ray showed hyperinflation. *Id.* He was diagnosed with COPD and prescribed continuous supplemental oxygen. *Id.*

The ALJ explained that the RFC prior to March 23, 2013, assumed that Plaintiff was still using drugs. Tr. 969 ("[T]the residual functional capacity above describes what the claimant could do during period when he was *not* abstinent [from dugs] and complying with drug treatment.") (emphasis added); Tr. 973 ("[T]he residual functional capacity describes what the claimant was able to do in light of his substance abuse disorder.").

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. Tr. 974–75. At step five, the ALJ found that prior to March 23, 2013, and based on his RFC, age, education, and work experience and the testimony of the VE, Plaintiff could perform work that exists in significant numbers in the national economy. Tr. 975–76. Beginning on March 23, 2013, however, the ALJ found that based on Plaintiff's RFC, age, education, and work experience and the testimony of the VE,[5] there were no jobs that existed in significant numbers in the national economy that Plaintiff could perform. Tr. 976. Ultimately, the ALJ found that Plaintiff was not disabled, as defined by the Act, prior to March 23, 2013, but that he became disabled as of that date. The ALJ explicitly found that Plaintiff's substance abuse disorders were not contributing factors material to the determination of disability. *Id.* The ALJ, therefore, denied the claims as to the time period prior to March 23, 2013, but approved them beginning on March 23, 2013. Tr. 976–77. Plaintiff filed the instant action on November 30, 2016, rather than requesting review by the Appeals Council, as permitted by 20 C.F.R. §§ 404.984(d), 416.1484(d). [Doc. 1].

---

[5] In relevant part, the VE testified that the use of portable oxygen eliminates all work. Tr. 1074.

**Analysis**

The evidence as to Plaintiff's onset date was not ambiguous, and therefore, the ALJ was not required to call a medical advisor. Additionally, Plaintiff fails to show any error in the ALJ's application of the Drug Addiction and Alcoholism ("DAA") standard.

<u>The evidence regarding Plaintiff's onset date was not ambiguous.</u>

SSR 83-20 provides that an ALJ should consult a medical advisor at the hearing when the onset date of a disability must be inferred. *See* 1983 SSR LEXIS 25, 1983 WL 31249, at *3. With respect to the onset date of a disability, an ALJ "may not make negative inferences from an ambiguous record; rather, [she] must call a medical advisor pursuant to SSR 83-20, 1983 SSR LEXIS 25." *Blea v. Barnhart*, 466 F.3d 903, 913 (10th Cir. 2006). "[T]he issue of whether the ALJ erred by failing to call a medical advisor turns on whether the evidence concerning the onset of [the plaintiff's] disabilities was ambiguous, or alternatively, whether the medical evidence clearly documented the progression of his conditions." *Id.* at 912. In determining the onset date of disability for disabilities of non-traumatic origin, SSR 83-20 requires that an ALJ consider the claimant's "allegations, work history, if any, and the medical and other evidence concerning impairment severity." *Id.* at 909 (quoting SSR 83-20).

Plaintiff argues that his COPD and obesity were slowly progressive, and thus, the medical evidence of his onset date was ambiguous. [Doc. 20] at 8–9. In particular, Plaintiff points to: (1) an August 2011 record, showing evaluation for a sleep-related breathing disorder, Tr. 673–82; (2) a December 2011 record, reflecting complaints of being out of breath during the day, Tr. 783, and a prescription to utilize an oxygen concentrator while sitting in front of the TV, Tr. 785; (3) a June 2012 record, showing low oxygen saturation level, Tr. 862. Plaintiff argues

that this evidence could reasonably be interpreted as showing that prior to March 23, 2013, he was disabled. [Doc. 20] at 8–9. Specifically, Plaintiff argues that these records could reasonably be interpreted as showing that, prior to March 23, 2013, Plaintiff could only stand/walk for 2 hours out of an 8-hour day and could not tolerate exposure to dust, odors, fumes, and any other pulmonary irritants. *Id.* at 9 (referencing the disabling RFC, found at Tr. 974).

The Court agrees with Plaintiff—as far as his argument goes. The medical records he cites, indeed, are susceptible to a finding that Plaintiff could only stand/walk for two hours and should not be exposed to pulmonary irritants. Importantly, however, Plaintiff does not argue— much less point to any evidence to support a finding—that these limitations are disabling. Equally importantly, Plaintiff makes no argument one way or the other about the restriction in his RFC for the use of portable oxygen. The VE, however, explicitly testified that the use of portable oxygen was the disabling limitation.

> Q [by ALJ]  Okay. All right, let me just ask this before I go on to the next hypothetical. Once—once an individual requires the use of portable oxygen, does that—is that going to rule out all work?
>
> A [by VE]  I would say so. The DOT, of course, does not mention that, but typically that usually creates fatigue and could be difficult, depending on the work environment for the individual to get along around safely and I—I don't believe that would be acceptable.
>
> Q  Okay. So any—any further hypotheticals that I gave you, no matter what they were, if I included the—that the individual would require the use of portable oxygen at all times in the workplace, your answer is going to be no work, is that correct?
>
> A  I would say yes—
>
> Q  Okay.
>
> A  —that's correct.

Tr. 1074. In sum, for three reasons, the Court finds that the exclusive disabling limitation here was the use of portable oxygen. First, the VE's testimony explicitly supports the finding. Second, Plaintiff does not argue that the other limitations—walking/standing for 2 hours out of an 8-hour day and no exposure to dust, odors, fumes, and any other pulmonary irritants—were disabling. Third, Plaintiff does not argue that the use of portable oxygen is not the exclusive disabling limitation.

Having found that the exclusive disabling limitation was the use of portable oxygen, the Court further finds that this record is not ambiguous as to Plaintiff's onset date. Plaintiff was not prescribed portable oxygen until March 23, 2013. Tr. 966, 974. Plaintiff does not argue otherwise. An earlier onset date could not be supported by the record. The ALJ was not required to call a medical advisor. *See* SSR 83-20. There is no error.

<u>Plaintiff fails to show any error in the ALJ's application of the DAA standard.</u>

The Court is not persuaded by Plaintiff's argument that the ALJ failed to apply the proper standard for Drug Addiction and Alcoholism ("DAA") cases. [Doc. 20] at 11–13 (citing SSR 13-2p). As to the time period prior to March 23, 2013, the ALJ found that Plaintiff was not disabled even considering his drug addiction. Tr. 969 ("[T]he residual functional capacity above describes what the claimant could do during period when he was *not* abstinent [from dugs] and complying with drug treatment.") (emphasis added); Tr. 973 ("[T]he residual functional capacity describes what the claimant was able to do in light of his substance abuse disorder."). As to March 23, 2013, and later, the ALJ found that Plaintiff's drug addiction was not material to his disability. Tr. 976. Plaintiff fails to show that anything more was required by SSR 13-2p, 2013 SSR LEXIS 2.

9

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for a Rehearing with Supporting Memorandum [Doc. 20] is **DENIED**. The Commissioner's final decision is affirmed.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**